THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN WARREN, Defendant-Appellant.

First District (3rd Division)   No. 62317

Opinion filed July 29, 1976.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart and Ira Churgin, Assistant Public Defenders, and Keith A. Spielfogel, Law Student, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and William J. Stacy, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, John Warren, was charged with the offense of possession of marijuana. After a trial without a jury in the circuit court of Cook County, defendant was found guilty of that charge. He was placed on unsupervised probation for one year and was permitted to return to New Jersey to finish school. His sole contention on appeal is that he was not proved guilty of the crime beyond a reasonable doubt.

Officer John Keane of the Chicago Police Department was the sole witness for the State. He testified that on September 23, 1974, he stopped a vehicle which he had observed being driven recklessly. After the officer stopped the vehicle, he observed defendant sitting on the passenger side in the rear of the vehicle with an open bag containing crushed green plants on the floor between his feet. The officer arrested defendant and seized that bag and another bag from under the front seat. It was stipulated that the two bags together later tested out as containing roughly two pounds of marijuana.

Defendant, 25 years old, was the sole witness for the defense. He stated that he was in the vehicle as the result of an inquiry made of the driver about a young lady whom he had met. The driver did not know the girl but offered to give defendant a ride to the bus stop. At the time the officers stopped them, two other passengers were in the automobile. Defendant was seated behind the driver. He further testified that he never had his legs straddled over a bag nor did he ever have possession of any marijuana. The officers recovered one bag only after they lifted up the back seat and searched under the front seat. Defendant did not see a second bag recovered.

The following colloquy ensued after closing arguments by the prosecutor and defense counsel:

"THE COURT: I don't know. I'm trying to put myself in the position, you know, you try to judge the credibility of evidence and—what would you do with a bag of marijuana if the police were outside the car, leave it sit out there or hide it?

STATE'S ATTORNEY: They have two bags, your Honor, it's not a nickle bag—

THE COURT: All he saw was one.

STATE'S ATTORNEY: The other pound is up under the front seat.

THE COURT: Well the one he saw is the one that made him make the arrest. It's the one that he saw sitting between his legs as he looked in the back seat of the car.

Now, if you had some contraband and the police were outside of your car what would you do with the contraband? Secrete it.

STATE'S ATTORNEY: If I could.

THE COURT: You would make some effort to. You could just put your foot on it for that matter.

POLICE OFFICER: Two feet wouldn't cover the bag.

THE COURT: Well, you said it was one or two—

POLICE OFFICER: Inches high and approximately eight by eleven. It was three dimensional.

THE COURT: Even a bag of that sort could be hidden somewhere if a policeman is coming up.

POLICE OFFICER: There's a chance that he didn't have a chance, your Honor.

THE COURT: Well, there is a chance that he didn't, but there is more of a chance that when you stopped him that he knew everybody in the car and knew they were being stopped by a policeman. There is more of a chance that he didn't—

STATE'S ATTORNEY: Your Honor, the marijuana is in the car, there is no doubt about that. We have got two pounds of marijuana. So it is in the car. The only issue is whether it is in the defendant's possession.

THE COURT: That's right.

STATE'S ATTORNEY: And the only argument now is whether it was between his legs or whether it wasn't.

THE COURT: Whether the marijuana was disclosed in the fashion that the officer says it was, namely, lying out in plain view; or, in the manner in which he says it was, namely, with the search in which seats were taken out and all that.

STATE'S ATTORNEY: That is a motion to suppress. There was not one made by the defendant or his attorney, so the defendant concedes that the search was legal and conceding the search was legal, I submit, to some extent he concedes the accuracy of the officer's testimony as to how it was recovered.

THE COURT: I don't know.

DEFENSE COUNSEL: You might as well just concede guilt.

THE COURT: The issue is whether or not he had possession of it. It just disturbs me. And here I am I have to decide what kind of stupid guys these are who would just let a gun or marijuana or whatever it is—would just let it in plain view. Why wouldn't he kick it under the seat?

STATE'S ATTORNEY: They did with one bag. Couldn't get the second one under.

Two pounds of marijuana, your Honor, has a fair street value. If you throw it out the window, the officers are going to see it coming out the window.

THE COURT: This story is really fantastic. He just happened to

be in the car striking up a conversation and gets picked up.

Everybody's ingenious when they come to the floor, both sides are ingenious. I've seen more ingenious people while sitting on the bench.

All right, I can't recall—I am disturbed with people who are always leaving stuff out in plain view. There will be a finding here—"

■■ While questions of credibility and the weight of the evidence are matters for the triers of fact, it is the duty of the reviewing court to carefully review the evidence, and if the evidence is not sufficient to remove all reasonable doubt of the guilt of the defendant and to create an abiding conviction that he is guilty, the conviction will be reversed. *People v. Kidd* (1951), 410 Ill. 271, 102 N.E.2d 141.

■■ In the present case, the testimony adduced by the State, if believed, was sufficient to prove defendant guilty beyond a reasonable doubt. However, while it is evident that the trial judge disbelieved defendant's testimony, it is equally clear from the judge's comments that he found it difficult to believe the police officer's testimony. The judge was not, as the State suggests, merely commenting upon the stupidity of defendant in leaving the marijuana in open view, but rather was demonstrating his general dissatisfaction with the State's evidence. Whether the improper comments of the police officer during the post-closing argument discussion contributed to the finding of guilt is of little importance. Under circumstances where the trial court, after hearing the evidence, indicates continuous doubts as to defendant's guilt, we have no other recourse but to hold that defendant was not proved guilty beyond a reasonable doubt.

For the reasons stated, the judgment of conviction of the circuit court of Cook County is reversed.

Judgment reversed.

MEJDA, P. J., and DEMPSEY, J., concur.