THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HUNTER K. MURDOCK, Defendant-Appellant.

Second District    No. 2—00—0112

Opinion filed April 11, 2001.

G. Joseph Weller and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RAPP delivered the opinion of the court:

Following a bench trial, defendant, Hunter K. Murdock, was found guilty of aggravated fleeing or attempting to elude a police officer (count I) (625 ILCS 5/11—204.1(a) (West 1998)) and unlawful possession of an altered temporary registration permit (count II) (625 ILCS 5/4—104(a)(3) (West 1998)). The trial court denied defendant's post-trial motion. With respect to count I, the circuit court sentenced defendant to serve four days in the county jail with credit for time served, five days in the Sheriff's Work Alternative Program, and two years' probation. The court also ordered defendant to pay a fine of $100. With respect to count II, the court sentenced defendant to two years' court supervision to be served concurrently with the sentence in count I.

Defendant appeals, arguing that he was not proved guilty beyond a reasonable doubt of aggravated fleeing or attempting to elude a police officer where there was no evidence presented that the officer pursuing him was in police uniform. Alternatively, he argues that, if this conviction is upheld, he is entitled to a $10 credit against his fine for time served. Defendant does not appeal his conviction with respect to count II. We reverse the conviction of aggravated fleeing or attempting to elude a police officer and vacate the sentence as to that offense.

■ In defining the elements of the underlying offense of fleeing or attempting to elude a police officer, section 11—204(a) of the Illinois Vehicle Code (625 ILCS 5/11—204(a) (West 1998)) provides:

"(a) Any driver or operator of a motor vehicle who, having been given a visual or audible signal by a peace officer directing such driver or operator to bring his vehicle to a stop, wilfully fails or refuses to obey such direction, increases his speed, extinguishes his lights, or otherwise flees or attempts to elude the officer, is guilty of a Class A misdemeanor. The signal given by the peace officer may be by hand, voice, siren, red or blue light. Provided, the officer giving such signal *shall be in police uniform*, and, if driving a vehicle, such vehicle shall display illuminated oscillating, rotating or flashing red or blue lights which when used in conjunction with an audible horn or siren would indicate the vehicle to be an official police vehicle." (Emphasis added).

■ We have carefully reviewed the evidentiary record and can find no evidence presented concerning the clothing the officer wore on the day in question. Moreover, the State failed to ask the arresting officer whether he was wearing a police uniform at the time of the pursuit.

The State argues that because the officer activated his overhead emergency lights and siren, defendant should have known that the pursuer was a police officer and the purpose of the statute would be fulfilled by upholding the conviction. We do not agree.

We are not free to rewrite the language of the legislature, which speaks for itself. See *People ex rel. Gibson v. Cannon*, 65 Ill. 2d 366, 369 (1976) (where the language of a statute is unambiguous, the court's function is to enforce the statute as enacted). The relevant inquiry is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Perez*, 189 Ill. 2d 254, 265-66 (2000). Because proof of an essential element of the offense is lacking in this case, we must reverse the conviction and vacate the corresponding sentence.

Although defendant argues alternatively that we should grant him a $10 credit against his fine for time served if the aggravated fleeing to elude a peace officer conviction is upheld, there is nothing against which to award the credit in view of our decision to reverse the judgment and vacate the sentence.

Accordingly, with respect to the aggravated fleeing offense, the judgment of the circuit court of Du Page County is reversed and the corresponding sentence is vacated.

Reversed; sentence vacated.

McLAREN and GROMETER, JJ., concur.