**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted August 29, 2007
Decided October 10, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 07-1397

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> JUDIOUS A. KIZEART, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Central District of Illinois <br><br> No. 06-30037-001 <br><br> Jeanne E. Scott, <br> *Judge.* |

**O R D E R**

Judious Kizeart was convicted in 1996 of possessing ammunition as a felon, *see* 18 U.S.C. § 922(g), and was sentenced to 120 months' imprisonment and three years' supervised release.  Kizeart served his time in prison and began his term of supervised release, which a district judge revoked two years later after finding that Kizeart had committed the crime of aggravated fleeing or attempting to elude a police officer, *see* 625 Ill. Comp. Stat. 5/11-204.1 (West 2007).  The judge imposed a 20-month term of reimprisonment.  Kizeart filed a notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited Kizeart to respond to counsel's brief, *see* Cir. R. 51(b), and he has done so.  Counsel's supporting brief is

facially adequate, so we limit our review to the potential issues identified by counsel and Kizeart.[1]  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Kizeart could argue that the government failed to adduce sufficient evidence that he violated a condition of his supervised release by committing another crime.  *See* 18 U.S.C. § 3583(e)(3).  Before revoking a term of supervised release, the district court must find a violation of the terms of the release by a preponderance of the evidence.  *Id.*; *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007).  Counsel notes that at Kizeart's revocation hearing, the government introduced a certified copy of his state-court conviction, which showed that he pleaded guilty to misdemeanor fleeing or attempting to elude police, 625 Ill. Comp. Stat. 5/11-204(a).  Since Kizeart did not challenge the validity of that conviction, we agree with counsel's assessment that it would be frivolous to argue that the government did not establish, by a preponderance of the evidence, that Kizeart committed a crime in violation of a condition of his release.

Counsel and Kizeart next consider whether he could challenge the district court's determination that he committed the felony offense of aggravated fleeing or attempting to elude a police officer, a Grade B violation of the conditions of his supervised release, *see* U.S.S.G. § 7B1.1(a)(2).  Counsel notes that Kizeart pleaded guilty only to the misdemeanor charge, which would be a Grade C violation, *see id.* § 7B1.1(a)(3).  The felony offense requires an additional showing, as relevant here, that Kizeart's flight or attempt to elude was "at a rate of speed at least 21 miles per hour over the legal speed limit."  625 Ill. Comp. Stat. 5/11-204.1.

We agree with counsel that it would be frivolous to argue that the district court erred in finding that Kizeart had committed a Grade B violation, because his guilty plea on the misdemeanor charge and the officers' uncontested testimony established by a preponderance of the evidence that Kizeart committed the felony offense.  At Kizeart's revocation hearing, the government introduced excerpts from the transcripts of his trial for aggravated fleeing or attempting to elude police,[2]

---

[1] We address the proper standard for appellate review of a sentence for violating conditions of supervised release in a published opinion issued simultaneously with this order.

[2] A jury returned a guilty verdict in that trial, but a judge overturned it because the state introduced no evidence that the police officers who chased him were in uniform, a required element of the offense, 625 Ill. Comp. Stat. 5/11-204; *People v. Murdock*, 748

(continued...)

including the testimony of two deputies from the Sangamon County Sheriff's department. Deputy Jason Hanson identified Kizeart as the driver of a speeding motorcycle who, in the early morning hours of March 20, 2006, did not pull over when Hanson engaged his emergency lights and siren, and sped up to 110 mph in a 55 mph zone. Deputy John Diefenback testified that he, along with approximately six other police cars, chased the same motorcycle that night, and observed it traveling at 75 mph in a 30 mph zone and later at 80 mph in a 30 mph zone. Thus, according to the officers' uncontested testimony, Kizeart was observed fleeing from police at 55 mph, 45 mph, and 50 miles over the posted speed limits—well over the 21 mph required to qualify as aggravated fleeing or attempting to elude.

Counsel next considers mounting a challenge to the reasonableness of Kizeart's 20-month term of reimprisonment. As we explain in the opinion issued simultaneously with this order, we would set aside his sentence only if it is plainly unreasonable. *See United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). Because Kizeart's original conviction was a Class C felony, the court could have imposed a sentence up to the statutory maximum of 24 months' reimprisonment. *See* 18 U.S.C. §§ 922(g), 3559(a)(3), 3583(e)(3). As counsel notes, the court properly calculated, based on a Grade B violation and a criminal history category of VI, a recommended reimprisonment range of 21 to 27 months under the relevant policy statements. *See* U.S.S.G. § 7B1.4(a). The district court chose a below-guideline sentence after considering the 10 months Kizeart already had served in an Illinois prison and the fact that he "helped the system out" by pleading guilty to the misdemeanor. Neither counsel nor Kizeart identify any additional factors that would compel a lesser term, and thus we agree that it would be frivolous to challenge his sentence on this ground.

Counsel and Kizeart next consider whether he could argue that the court's additional 20-month sentence on top of the original 10-year term exceeded the 10-year statutory maximum for possessing ammunition as a felon. But, as counsel notes, we rejected that argument in *United States v. Colt*, 126 F.3d 981, 982-83 (7th Cir. 1997), explaining that the district court is authorized, under 18 U.S.C.

---

[2](...continued)

N.E.2d 683, 684-85 (Ill. Ct. App. 2001). Kizeart then pleaded guilty to the misdemeanor charge, and the state did not re-prosecute him. Nevertheless, at Kizeart's hearing, Lieutenant Bill Cearlock testified that he participated in the chase of Kizeart's motorcycle, and that the three deputies from the Sangamon County Sheriff's department—Hansen, Diefenback, and Travis Koester—were uniformed.

§ 3583(e)(3), to revoke a term of supervised release and order reimprisonment even if the defendant has already served a maximum term of imprisonment.

Finally, counsel and Kizeart consider whether he could argue that, because he served 10 months of his 364-day state-court sentence despite the usual practice in Illinois of serving just half a prison term, it was unreasonable for the district judge to impose additional time. We agree with counsel that such a challenge would be frivolous because the guidelines recommend imposing a consecutive sentence, *see* U.S.S.G. § 7B1.3(f), and in any event Kizeart's disagreement with his state-court sentence is not for us to resolve.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.