# Illinois Official Reports

## Appellate Court

*People v. Williams*, 2015 IL App (1st) 133582

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES WILLIAMS, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-13-3582 |
| Filed | November 3, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CR-14277; the Hon. Kevin M. Sheehan, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Todd T. McHenry, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary P. Needham, and John J. Sviokla II, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Justices Neville and Simon concurred in the judgment and opinion. |

**OPINION**

¶ 1    A conviction for the offense of aggravated fleeing or attempting to elude a peace officer, section 11-204(a) of the Illinois Vehicle Code, requires the State prove the pursuing officer was wearing a police uniform. 625 ILCS 5/11-204(a) (West 2012). Because the officer who stopped James Williams was out of uniform and in civilian clothes, Williams challenges the sufficiency of the evidence. We agree and reverse, finding the State failed to satisfy an essential element of the offense–the uniform of the police officer.

¶ 2                                    Background

¶ 3    This case proceeded as a bench trial. Chicago police officer Christopher Stark testified that on July 16, 2013, while sitting in a marked police car wearing "civilian dress," he saw a car not fully come to a stop at a stop sign. Officer Stark identified Williams as the car's driver and sole occupant. Williams took a right turn in front of the squad car and drove southbound on Oakley Avenue. Officer Stark activated his emergency lights and siren. Williams proceeded to "pull away" from Officer Stark, who was driving 25 to 30 miles per hour. Officer Stark testified that Williams was about 50 to 100 feet ahead of the squad car. Williams continued to "pull away" from him, eventually putting at least 200 feet between the cars.

¶ 4    Finally, Williams and Officer Stark turned westbound into a cul-de-sac on 72nd Place. Williams got out of his car and fled on foot. Officer Stark stayed with the cars while other officers pursued Williams. Within minutes, two officers brought Williams back to Officer Stark, who gave Williams his *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436 (1966). Williams indicated that he understood his rights and said that he fled from the police because he had a suspended driver's license.

¶ 5    Williams did not testify or present any evidence on his own behalf.

¶ 6    The trial court determined Williams guilty of aggravated fleeing or attempting to elude a peace officer. Williams filed a motion for a new trial, which the trial court denied. Williams received 12 months of probation.

¶ 7                                     Analysis

¶ 8    Williams contends the State failed to prove he committed aggravated fleeing or attempting to elude a police officer as Officer Stark was "in civilian dress," and the statute defining the offense requires the officer be wearing a police uniform. 625 ILCS 5/11-204(a) (West 2012).

¶ 9    When reviewing the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis omitted.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Where proof of an element of the crime is wholly lacking, it follows that the conviction cannot stand. See *People v. Robinson*, 2013 IL App (2d) 120087, ¶ 11.

¶ 10   The reasoning and result of our decision in *People v. Murdock*, 321 Ill. App. 3d 175 (2001) controls our decision here. In *Murdock*, the defendant was convicted of aggravated fleeing or attempting to elude a police officer. *Id*. at 176. Evidence had been introduced at trial that the police officer activated his overhead emergency lights and siren during the pursuit, but no evidence had been presented indicating the officer's clothing. *Id*. at 176-77. On appeal, the

defendant contended that he was not proved guilty beyond a reasonable doubt where the State failed to present evidence that the officer pursuing him was in police uniform. *Id*. at 176.

¶ 11    To decide the issue, we examined the language of section 11-204(a) of the Illinois Vehicle Code, which defines the offense of fleeing or attempting to elude a police officer:

"Any driver or operator of a motor vehicle who, having been given a visual or audible signal by a peace officer directing such driver or operator to bring his vehicle to a stop, wilfully fails or refuses to obey such direction, increases his speed, extinguishes his lights, or otherwise flees or attempts to elude the officer, is guilty of a Class A misdemeanor. The signal given by the peace officer may be by hand, voice, siren, red or blue light. Provided, the officer giving such signal *shall be in police uniform*, and, if driving a vehicle, such vehicle shall display illuminated oscillating, rotating or flashing red or blue lights which when used in conjunction with an audible horn or siren would indicate the vehicle to be an official police vehicle." (Emphasis added.) 625 ILCS 5/11-204(a) (West 2012).

We determined that, as written, the statute requires proof that the pursuing officer was in uniform, and reversed. *Murdock*, 321 Ill. App. 3d at 177; see also *People v. O'Malley*, 356 Ill. App. 3d 1038, 1044 (2005) ("In *Murdock*, we held that proof that the pursuing officer was wearing a uniform is an essential element of the offense and that it was lacking."). In so doing, we rejected the State's argument that because the officer activated his emergency lights and siren, the defendant should have known that his pursuer was a police officer and the purpose of the statute would be fulfilled by upholding the conviction. *O'Malley*, 356 Ill. App. 3d at 1044. We stated, " 'We are not free to rewrite the language of the legislature, which speaks for itself.' " *Id*. (quoting *Murdock*, 321 Ill. App. 3d at 177, citing *People ex rel. Gibson v. Cannon*, 65 Ill. 2d 366, 369 (1976) (where statute's language unambiguous, court's function to enforce statute as enacted)).

¶ 12    The State acknowledges *Murdock*, but argues that it was wrongly decided "in light of the plain legislative purpose" of the statute. Citing the legislative history, the State asserts that the statute's intent was to punish people who knowingly flee from the police, and, therefore, the uniform requirement can only be read as a way to exclude those trying to escape a dangerous situation, not as a bar on prosecution of people willfully fleeing the police.

¶ 13    In resolving an issue of statutory construction, the court's objective involves ascertaining and carrying out the "true intent and meaning of the legislature evidenced by the language used." *Langendorf v. City of Urbana*, 197 Ill. 2d 100, 109 (2001). Indeed, our inquiry "always begin[s] with the language of the statute, which is the surest and most reliable indicator of legislative intent." *People v. Pullen*, 192 Ill. 2d 36, 42 (2000). We give undefined statutory words and phrases their natural and ordinary meaning. *Id*. And we enforce the clear and unambiguous language as written without resort to other aids of construction, *e.g*., referring to legislative history. *People v. Fitzpatrick*, 158 Ill. 2d 360, 364-65 (1994). In addition, it is not the role of the court to act as editor "correcting" apparent legislative oversights under the guise of statutory interpretation. See *Pullen*, 192 Ill. 2d at 42 (courts without authority to rewrite "a statute in a manner inconsistent with its clear and unambiguous language" (citing *People v. Tucker*, 167 Ill. 2d 431, 437 (1995))). This approach best serves the overarching duty of the court not to depart or drift from plain and straightforward statutory language.

¶ 14    Applying these principles, we conclude that the plain language of section 11-204(a) of the Illinois Vehicle Code requires a pursuing officer be in police uniform for a defendant to be

found guilty of fleeing or attempting to elude a peace officer. Because of the clear and unambiguous statutory language, we do not inquire into the legislative history relied on by the State in its brief. *Fitzpatrick*, 158 Ill. 2d at 364-65. Rather, we are compelled to enforce the provision as enacted. *Id*. at 365. Accordingly, we decline the State's suggestion that we depart from the precedent of *Murdock*.

¶ 15 The State attempts to distinguish *Murdock* on the facts because in *Murdock* the State presented no evidence as to the officer's dress, while here the trial court knew and considered exactly what Officer Stark was wearing, along with other evidence establishing defendant's knowledge, *i.e.*, defendant's statement that he fled from the police. Contrary to the State's position, we find the factual difference between *Murdock* and this case to cut in Williams's favor. While in *Murdock* nothing in the record indicated what clothing the officer had on, Officer Stark testified that he wore "civilian dress." Given this testimony, there can be no doubt that the State failed to prove an essential element, namely, that of the officer being in uniform.

¶ 16 As to the State's argument that Williams knew Stark was a police officer, the *Murdock* court rejected a similar argument. There, the State argued that because the officer activated his emergency lights and siren, the defendant should have known that his pursuer was a police officer and the purpose of the statute was fulfilled. *Murdock*, 321 Ill. App. 3d at 177; see *People v. Brown*, 362 Ill. App. 3d 374, 379 (2005) ("Pursuant to section 11-204(a), the purpose of requiring use of a vehicle's 'illuminated oscillating, rotating or flashing red or blue lights' with a siren is so that they 'would indicate the vehicle to be an official police vehicle.' ").The *Murdock* court, however, disagreed, holding the language of the statute controlled. *Murdock*, 321 Ill. App. 3d at 177. The operative concern, as in *Murdock*, is not whether Williams knew the police were following him; but rather, whether the requirements of the statute have been met.

¶ 17 Given our disposition, we need not reach an alternative argument made by Williams–the insufficiency of the evidence to establish that he was traveling at least 21 miles per hour in excess of the speed limit.

¶ 18                                                   Conclusion

¶ 19 We reverse Williams's conviction for aggravated fleeing or attempting to elude a peace officer.

¶ 20 Reversed.