2020 IL App (2d) 180139-U
No. 2-18-0139
Order filed April 23, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-2682 |
| DEVON LEE HARDNETT, | ) ) | Honorable Donna R. Honzel, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Birkett and Justice Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The State proved defendant guilty beyond a reasonable doubt of aggravated fleeing or attempting to elude a peace officer: three officers testified that they were wearing tactical gear identifying them as police officers while they rode in their unmarked squad car with lights and siren activated, pursuing defendant at 65 miles per hour in a 35-mile-per-hour zone; further, the record refuted defendant's claim that the trial court improperly considered pending charges against him as a factor in sentencing.

¶ 2    Defendant, Devon Lee Hardnett, appeals from the judgment of the circuit court of Winnebago County finding him guilty of aggravated fleeing or attempting elude a peace officer (625 ILCS 5/11-204(a), 11-204.1(a)(1) (West 2016)) and sentencing him to four years'

imprisonment. We conclude that the evidence proved beyond a reasonable doubt that the police officers were in uniform and that defendant willfully fled the officers. Further, contrary to defendant's assertion, the trial court did not improperly consider a pending charge in imposing sentence. Therefore, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was indicted on one count of aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204(a), 204.1(a)(1) (West 2016)). The following facts were presented at the jury trial. On October 2, 2016, at about 9 p.m., Officers Brandon Pofelski, Christopher Jones, and Chris Popielarczyk of the Rockford Police Department were assigned to a tactical unit. The three officers were patrolling in a squad car driven by Officer Jones. The squad car was unmarked but was equipped with flashing red and blue lights and a siren.

¶ 5     As they drove through the parking lot of a food and liquor store in the 2700 block of Broadway, they saw a Ford Escape parked in an unusual position. Although there was a male seated in the front passenger seat, no one was sitting in the driver's seat. After checking the registration, they learned that the Escape was owned by a female and that defendant was an associate of the owner. They also obtained, via computer, defendant's photo.

¶ 6     Officers Jones and Pofelski looked in the store and saw a man, who they identified from the photo as defendant, looking at them. After the officers parked behind the Escape, defendant exited the store and entered the driver's seat of the Escape. The Escape then drove out of the lot and headed east on Broadway. As it did, the officers noticed that its rear registration light was out.

¶ 7     As the Escape drove east, the officers decided to conduct a traffic stop. When they activated the flashing lights and siren, the Escape immediately accelerated. Officer Jones accelerated in an attempt to overtake the Escape. The speedometer in the squad car showed 60 to

65 miles per hour, and as the squad car reached 65 mph, the Escape rapidly pulled away. The two vehicles were traveling in a 35-mile-per-hour zone. The squad car, with its lights and siren activated, followed directly behind the Escape for two to three blocks. Then Officer Jones, pursuant to department policy, discontinued the chase. As he did so, the Escape turned south onto another street.

¶ 8    At the time of the pursuit, Officer Pofelski wore a tactical vest that identified him as a police officer. Officer Jones testified that he was dressed similar to his attire in court which identified him as a police officer. When Officer Popielarczyk was asked whether he wore a uniform at the time of the chase, he said "no." He added, however, that he wore a tactical vest and a police belt that clearly identified him as a police officer.

¶ 9    Based on the incident, Officer Jones obtained an arrest warrant for defendant. On October 18, 2016, defendant was arrested for fleeing or attempting to elude based on the October 2, 2016, incident.

¶ 10    The jury found defendant guilty. Following the denial of his motion for a new trial, the trial court sentenced defendant.

¶ 11    During defendant's sentencing allocution, he told the trial court, among other things, that he wanted to be a better father and "[m]ost of all, [he was] ready to get back to [his] son" and that he had "missed out on so much." When imposing the sentence, the court stated that it had considered the trial evidence, the presentence investigation report, defendant's criminal history, his character and attitude, the cost of incarceration, and all statutory aggravating and mitigating factors.

¶ 12    Additionally, the trial court commented that defendant had a pending case for child endangerment but that defendant was "absolutely presumed innocent" of that charge. The court

added that the allegations included endangering the life or health of defendant's son and that those allegations "indicate[d] the possibility that [defendant's] concern for [his son]" was not sincere. The court further commented that it did not consider whether those allegations were true but that it mentioned them "only because of the statement [defendant] made that [he had] been willing to do any number of things for [his son]." The court characterized its reference to those allegations as a "minor and minimal remark" and that they related only to defendant's comments about his involvement with his son.

¶ 13   As for mitigation, the trial court noted that defendant did not think about harming anyone when he fled from the police. As for aggravation, defendant's conduct in fleeing and driving at high speed through a commercial and residential area created a serious risk of harm. The court also considered defendant's extensive juvenile and adult criminal history and the need generally to deter others from fleeing the police. Thus, the court sentenced defendant to four years' imprisonment.

¶ 14   Defendant filed a motion to reconsider his sentence, arguing, among other things, that the trial court improperly considered the unproven allegations in the pending case. In denying the motion, the court reiterated that, although there were other charges pending, defendant was presumed innocent of those charges. The court added that those charges did not have "anything to do with this sentencing." The court explained that this case, however, might affect the other case and that was the "only impact or importance of those pending cases." Defendant then filed a timely notice of appeal.

¶ 15                                    II. ANALYSIS

¶ 16   On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt of aggravated fleeing or attempting to elude a peace officer, because (1) none of the officers were in

uniform, and (2) the evidence did not show that he willfully fled from the officers. Defendant further asserts that, in imposing the sentence, the trial court improperly considered a pending charge.

¶ 17    In challenging the sufficiency of the evidence in a criminal case, a reviewing court will not substitute its judgment for that of the trier of fact and will not reverse a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *People v. Cavitt*, 2019 IL App (2d) 170149, ¶ 173 (citing *People v. Ortiz*, 196 Ill. 2d 236, 259 (2001)). A reviewing court draws all reasonable inferences in favor of the State (*People v. Davison*, 233 Ill. 2d 30, 43 (2009)) and will not reverse a conviction unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt (*People v. Givens*, 237 Ill. 2d 311, 334 (2010)).

¶ 18    A defendant, while operating a motor vehicle, commits fleeing or attempting to elude if, among other things, he willfully fails or refuses to bring his vehicle to a stop when a peace officer gives a visual or audible signal to do so. 625 ILCS 5/11-204(a) (West 2016). The signal given by the officer may be by, among other things, a siren or oscillating, rotating, or flashing red or blue lights which, when used in conjunction with an audible horn or siren, indicates that the vehicle is an official police vehicle. 625 ILCS 5/11-204(a) (West 2016). The peace officer giving such signal must be in an official police uniform. 625 ILCS 5/11-204(a) (West 2016). The offense is aggravated if, among other things, the defendant drove at least 21 m.p.h. over the speed limit. 625 ILCS 5/11-204.1(a)(1) (West 2016).

¶ 19    Defendant first contends that the evidence did not prove that the officers were in official police uniforms. We disagree.

¶ 20    The statutory requirement that an officer be in uniform has been strictly construed. *Cavitt*, 2019 IL App (2d) 170149, ¶ 176 (citing *People v. Williams*, 2015 IL App (1st) 133582, ¶¶ 14, 16; *People v. Murdock*, 321 Ill. App. 3d 175, 176 (2001)). Thus, in cases where the evidence showed that the officer either wore purely civilian clothes (*Williams*, 2015 IL App (1st) 133582, ¶¶ 14, 16), or where there was no evidence of how the officer was dressed (*Murdock*, 321 Ill. App. 3d at 176), the appellate court has reversed the conviction. See *Cavitt*, 2019 IL App (2d) 170149, ¶ 176. However, depending on the circumstances, the uniform requirement may be met by showing that the officer wore something other than a "traditional police uniform." *Cavitt*, 2019 IL App (2d) 170149, ¶ 181. Thus, a police tactical vest with police markings, or other indicia of police authority, such as an exposed badge or a sidearm satisfies section 11-204(a). *Cavitt*, 2019 IL App (2d) 170149, ¶ 182.

¶ 21    Here, Officer Pofelski testified that he wore a tactical vest that identified him as a police officer. Additionally, Officer Jones testified that his attire identified him as a police officer. Further, Officer Popielarczyk testified that he wore a tactical vest and a police belt that clearly identified him as a police officer. This testimony proved that all three officers were in uniform within the meaning of section 11-204(a).

¶ 22    Defendant emphasizes Officer Popielarczyk's negative answer when asked if he was wearing a uniform. However, as explained, a traditional uniform is not always required, depending on the circumstances. Further, even if Officer Popielarczyk was not in uniform for purposes of section 11-204(a), the other two officers were. When the evidence is viewed in the light most favorable to the prosecution, it proved beyond a reasonable doubt that the officers were in uniform within the meaning of section 11-204(a).

¶ 23    Defendant also asserts that the evidence did not prove that he willfully fled. We disagree.

¶ 24     As discussed, section 11-204(a) requires proof that the officers signaled, among other ways, with an audible siren and flashing red or blue lights.  625 ILCS 5/11-204(a) (West 2016). The State also needed to prove that defendant, in fleeing or attempting to elude, drove at least 21 m.p.h. over the speed limit.  625 ILCS 5/11-204.1(a)(1) (West 2016).

¶ 25     Here, the evidence was undisputed that the officers activated the siren and the flashing red and blue lights as they followed directly behind defendant's vehicle.  Defendant, however, did not stop his vehicle.  Instead, he accelerated to at least 60 m.p.h.  That speed was determined by the squad car's speedometer that showed at least 60 m.p.h. as the defendant's vehicle pulled away, indicating that he was traveling faster than 60 m.p.h.  The dramatic acceleration, immediately upon the activation of the siren and the flashing lights, implied that defendant willfully fled the officers. Further, because the posted speed limit was 35 m.p.h., and defendant drove at least 60 m.p.h., he drove at least 21 m.p.h. over the speed limit.  Thus, the evidence, when viewed in the light most favorable to the prosecution, proved beyond a reasonable doubt that defendant committed aggravated fleeing or attempting to elude.

¶ 26     We next decide whether we must remand for resentencing because the trial court, in imposing sentence, improperly considered a pending charge.  We need not do so.

¶ 27     A trial court abuses its discretion when it considers an improper aggravating factor when sentencing.  *People v. Minter*, 2015 IL App (1st) 120958, ¶ 147.  A trial court may not consider pending charges in aggravation when imposing a sentence.  *People v. Johnson*, 347 Ill. App. 3d 570, 575 (2004).  However, when the court appears to have placed minimal emphasis on an improper factor, a new sentencing hearing is not required.  *Minter*, 2015 IL App (1st) 120958, ¶ 152.  It is a defendant's burden to affirmatively establish that the sentence was based on an improper consideration.  *People v. Bowen*, 2015 IL App (1st) 132046. ¶ 49.

¶ 28    In assessing the propriety of a sentence, we consider the entire record. *People v. Canizalez-Cardena*, 2012 IL App (4th) 110720, ¶ 22. That includes the hearing on a motion to reconsider the sentence, during which a trial court clarifies its consideration of the sentencing factors. *People v. Malin,* 359 Ill. App. 3d 257, 264 (2005).

¶ 29    Here, although the trial court mentioned defendant's pending charge of child endangerment, it did so only in response to defendant's claims about wanting to be more involved in his son's life. Additionally, the court stated several times that defendant was presumed innocent of that charge and that its reference to the charge was minor and minimal. Nor did the court state that it was considering the pending charge in aggravation. Finally, in denying defendant's motion to reconsider sentence, the court clarified it did not consider the charge in imposing sentence. Considering the record as a whole, we find the court's minimal reference to defendant's pending charge did not constitute consideration of an improper sentencing factor warranting a remand.

¶ 30                                    III. CONCLUSION

¶ 31    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County.

¶ 32    Affirmed.