# IN THE SUPREME COURT OF IOWA

No. 100 / 05-1281

Filed October 5, 2007

**STATE OF IOWA,**

    Appellant,

vs.

**CHRISTOPHER JEROME TARBOX,**

    Appellee.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Johnson County, Sylvia A. Lewis, District Associate Judge.

The defendant seeks further review of a court of appeals decision reinstating the trial information after the district court granted the defendant's motion to dismiss the information. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Thomas J. Miller, Attorney General, Cristen Douglass, Assistant Attorney General, J. Patrick White, County Attorney, and Meredith Rich-Chappell, Assistant County Attorney, for appellant.

Steven E. Ballard and Patrick J. Ford of Leff Law Firm, L.L.P., Iowa City, for appellee.

**WIGGINS, Justice.**

In his petition for further review Christopher Jerome Tarbox asks this court to reverse the court of appeals decision finding the district court erred when it dismissed the trial information charging him with leaving the scene of an accident in violation of Iowa Code section 321.261 (2003). Tarbox claims because he was involved in a single-vehicle accident, and he was the only person who suffered a personal injury, his conduct did not violate section 321.261. Accepting the facts alleged by the State in the trial information and minutes as true, we agree with Tarbox that his conduct of leaving the scene of the single-vehicle accident did not violate section 321.261. Accordingly, we vacate the decision of the court of appeals and affirm the decision of the district court.

## I. Prior Proceedings.

The State charged Tarbox with leaving the scene of a personal injury accident in violation of Iowa Code section 321.261. Tarbox filed a motion to dismiss the trial information claiming first, the trial information did not establish he was the driver of the vehicle at the time of the accident, and second, the driver of the vehicle had no duty to perform the duties required by section 321.261. The State filed a notice of additional testimony addressing Tarbox's first claim. The State also filed a resistance responding to both issues raised by Tarbox.

The district court granted Tarbox's motion to dismiss finding none of the driver's statutory duties required by section 321.261 apply when there is a single-vehicle accident resulting in an injury to the driver. The State appealed the decision of the district court claiming it erred in dismissing the trial information. We transferred the case to our court of appeals. The

court of appeals reversed and remanded the case to the district court for trial. Tarbox then petitioned our court for further review, which we granted.

## II. Issue.

In this appeal we must decide whether the district court erred when it dismissed the trial information.

## III. Standard of Review.

This court reviews a district court's order to dismiss a trial information for correction of errors at law. *State v. Petersen*, 678 N.W.2d 611, 613 (Iowa 2004). In reviewing the dismissal of the trial information, we accept the facts alleged by the State in the information and attached minutes as true. *State v. Gonzalez*, 718 N.W.2d 304, 307 (Iowa 2006). We will reverse the district court's dismissal if the facts alleged by the State "charge a crime as a matter of law." *Id.* Additionally, we review questions of statutory interpretation for correction of errors at law. *Id.*

## IV. Facts.

According to the trial information we accept the following facts as true. On December 17, 2004, three witnesses observed a beige Mitsubishi Galant traveling north on Governor Street, a one-way street in Iowa City. As the vehicle approached the intersection of Governor Street and Iowa Avenue, the driver lost control and hit a cement wall. The vehicle came to a complete stop. The cement wall was not located on private property, and other than damage to the Galant, no other property damage occurred.

After the Galant stopped, the three witnesses saw the only occupant of the vehicle, a white male approximately six feet tall with brown hair, exit the Galant from the driver's side. The male fled the area and left the vehicle where it had come to rest at the scene. The witnesses observed the male had injuries to his face. The witnesses then contacted the Iowa City police.

Iowa City police officers Bill Welch and Terry Tack arrived on the scene, finding the Galant damaged from its collision with the cement wall. The officers found the vehicle's airbags deployed. The officers completed an accident report and noted the vehicle's path of travel based on their conversations with the witnesses. During their investigation the officers found a cellular phone close to the intersection. The officers took the cellular phone as evidence. They determined the phone belonged to Tarbox. After running the license plates of the Galant, they established Marie Rolling Tarbox owned the vehicle.

Later that evening Iowa City police officers Zach Diersen and Marcus Mittvalsky went to Tarbox's residence and spoke with him. The officers found Tarbox matched the physical description of the driver of the Galant provided by the eyewitnesses. Tarbox had fresh injuries on his face. Based on Mittvalsky's experience and training as a former firefighter, he believed these injuries were consistent with those caused by airbag deployment.

**V. Analysis.**

The State charged Tarbox with violating section 321.261. Section 321.261(1) provides:

> [t]he driver of any vehicle involved in an accident resulting in injury to . . . any person shall immediately stop the vehicle at the scene of the accident or as close as possible and if able, shall then return to and remain at the scene of the accident in accordance with section 321.263.

Iowa Code § 321.261(1). Accordingly, "[t]he first duty of the driver of a vehicle involved in an automobile accident under 321.261 is to stop . . . ." *State v. Sebben*, 185 N.W.2d 771, 774 (Iowa 1971). Second, the driver "has the additional duties specified in [section] 321.263, each of which are separate and distinct under the statute." *Id.* Section 321.263(1) states:

> The driver of a vehicle involved in an accident resulting in injury to or death of a person or damage to a vehicle which is driven or attended by a person shall give the driver's name, address, and the registration number of the vehicle the driver is driving and shall upon request and if available exhibit the driver's driver's license to the person struck, the driver or occupant of, or the person attending the vehicle involved in the accident and shall render to a person injured in the accident reasonable assistance, including the transporting or arranging for the transporting of the person for medical treatment if it is apparent that medical treatment is necessary or if transportation for medical treatment is requested by the injured person.

Iowa Code § 321.263(1). Our resolution of the issue on appeal depends on our construction of these statutes.

The goal of statutory construction is to determine legislative intent. *Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004). Legislative intent is determined from the words chosen by the legislature, not what it should or might have said. *State v. Dohlman*, 725 N.W.2d 428, 431 (Iowa 2006). Absent a statutory definition or an established meaning in the law, we give words used by the legislature their ordinary and common meaning by considering, among other things, the context in which they are used. *Id.* Under the guise of construction, we may not extend, enlarge, or otherwise change the meaning of a statute. *Auen*, 679 N.W.2d at 590. Finally, this court strictly construes criminal statutes with doubts resolved in the accused's favor. *Gonzalez*, 718 N.W.2d at 308.

Tarbox concedes for purposes of this appeal that section 321.261 applies to single-vehicle accidents when a person is injured. We have previously held section 321.261 first creates a duty requiring the driver to stop the vehicle at the scene of the accident or as close as possible. *Sebben*, 185 N.W.2d at 774.

The facts alleged in the trial information state, after Tarbox crashed the vehicle into a cement wall on Governor Street, the vehicle "came to a

complete stop." Further, the State does not argue Tarbox failed to meet the statutory duty to stop, rather it argues Tarbox did not remain at the scene to provide identifying information. Consequently, Tarbox did not violate the first duty of section 321.261 requiring a driver to stop at the accident scene.

After stopping the vehicle, the driver must remain at the scene to comply with the additional, separate, and distinct duties required under section 321.263. *Id.* To comply with the duties under section 321.263(1), the driver has a duty to provide identifying information to the person struck, the driver of the other vehicle involved in the accident, an occupant of the vehicle involved in the accident, or a person attending the vehicle involved in the accident. Iowa Code § 321.263(1). Tarbox's vehicle did not strike any person. The accident did not involve a driver of another vehicle or an occupant of any vehicle.

The State argues in its brief, "a driver has a duty to remain at the scene to provide identifying information to law enforcement or eyewitnesses who can then summon aid." To determine whether the State's argument is correct, we must look to the statutory scheme employed by the legislature in chapter 321. *See State v. McSorley*, 549 N.W.2d 807, 809 (Iowa 1996) (holding statutes "must be construed in light of their common purpose and intent so as to produce a harmonious body of legislation"). Two sections in chapter 321 incorporate the duties of section 321.263.

The first reference to section 321.263 is in section 321.261(1). Section 321.261 requires the driver to stop and provide identifying information to the persons listed in section 321.263(1) when the accident involves personal injury or death. Iowa Code § 321.261. The second reference to section 321.263 is in section 321.262. Under section 321.262 the driver must stop and provide identifying information to the persons

listed in section 321.263(1) if the driver is involved in an accident "resulting only in damage to a vehicle which is driven or attended by any person." *Id.* § 321.262. Neither section 321.261(1) nor section 321.262 gives any indication police officers or eyewitnesses are persons attending the vehicle under section 321.263(1).

The reason the State argues police officers and eyewitnesses should be considered persons attending the vehicle is so they can summon aid. However, another section in chapter 321 leads us to conclude otherwise. Section 321.266 requires a person involved in an accident causing personal injury to another, to contact the authorities immediately. *Id.* § 321.266. Presumably, when a person contacts the authorities an inquiry would be made as to the nature of the accident and whether any injuries were sustained. At that point the dispatcher would send the necessary authorities and medical personnel to the scene to render aid. Interpreting section 321.263(1) to require that a person involved in an accident must remain at the scene to provide identifying information to a police officer or eyewitness so that person could then summon aid would be repetitive of the duty under section 321.266, which requires the person involved in the accident to contact the authorities. Thus, the State's interpretation of section 321.263(1) would render section 321.266 superfluous. *See Miller v. Westfield Ins. Co.*, 606 N.W.2d 301, 305 (Iowa 2000) (stating a fundamental rule of statutory construction is that a statute will not be construed to make any part of it superfluous unless no other construction is reasonably possible).

We believe the legislature meant the word "attending" as used in section 321.263(1) to mean "to be present with." *Webster's Third International Dictionary* 140 (unabr. ed. 2002). This meaning requires the

driver involved in an accident with another vehicle to give the identifying information to a person present with the other vehicle when the driver or occupant of the vehicle is unavailable. This definition is consistent with the duty of a driver under another Iowa Code section, section 321.264.

Under section 321.264 when a driver collides with an unattended vehicle, the driver is required to stop and locate either the owner or operator of the vehicle or leave a written note in a conspicuous place on the struck vehicle. Iowa Code § 321.264. The dichotomy the legislature sets out between attended vehicles in section 321.263 and unattended vehicles in section 321.264 confirms that "attending" refers to someone who is present with the vehicle rather than one who comes upon the vehicle after the fact.

Consequently, the officers and eyewitnesses were not attending the vehicle within the meaning of section 321.263(1). Therefore, Tarbox could not have provided identifying information as required by the statute, and his failure to remain at the scene was not a violation of section 321.263(1). *See Sebben*, 185 N.W.2d at 775 (stating "since defendant is not required under section 321.263 to give information to anyone other than those designated by the statute then where, as here, no other vehicle is involved and the person struck is instantly killed defendant could not be subjected to criminal responsibility because of the legal impossibility of complying with the statute requirements to inform"). Thus, as a matter of law Tarbox could not have violated section 321.261.

The State argues if we do not construe section 321.261 to require drivers like Tarbox to stay at the scene until the police arrive, the statutory purpose of section 321.261 would be frustrated. The State claims allowing a person to flee from the scene of an accident allows that person to evade possible criminal and civil liability for driving recklessly, driving while

intoxicated, driving with a suspended or revoked license, or using another's vehicle without permission. This argument does not prompt us to interpret the statute differently.

First, in construing a statute "[w]e do not speculate as to the probable legislative intent apart from the words used in the statute." *State v. Adams*, 554 N.W.2d 686, 689 (Iowa 1996). Second, we may not extend, enlarge, or otherwise change the meaning of a statute under the pretext of construction. *Auen*, 679 N.W.2d at 590. Third, penal statutes are not elastic and we must construe them strictly against the State. *Gonzalez*, 718 N.W.2d at 308.

Finally, the construction we have given section 321.261 does not allow a person, such as Tarbox, to flee from the scene of an accident allowing that person to evade possible criminal and civil liability for driving recklessly, driving while intoxicated, driving with a suspended or revoked license, or using another's vehicle without permission under the laws of Iowa. The Code of Iowa requires a person involved in an accident causing personal injury to any person to contact the authorities immediately. Iowa Code § 321.266. The State had the option of charging Tarbox with a violation of section 321.266, but chose not to do so.

Accordingly, the district court did not err when it granted Tarbox's motion to dismiss.

**VI. Disposition.**

Accepting the facts alleged by the State in the trial information and minutes as true, we find as a matter of law Tarbox did not violate Iowa Code section 321.261. Therefore, the district court was correct when it granted Tarbox's motion to dismiss. Consequently, we vacate the decision of the

court of appeals and affirm the order of the district court granting Tarbox's motion to dismiss.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**