# IN THE SUPREME COURT OF IOWA

No. 15–1585

Filed April 14, 2017

**STATE OF IOWA,**

Appellee,

vs.

**JAMES ROBERT DOWNEY,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.

A defendant seeks further review of a court of appeals decision affirming his conviction for making a false statement on an application to acquire a weapon permit in violation of Iowa Code section 724.17 (2015). **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Robert G. Rehkemper of Gourley, Rehkemper & Lindholm, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Genevieve Reinkoester, Assistant Attorney General, Janet Lyness, County Attorney, and Jude Pannell, Assistant County Attorney, for appellee.

**WIGGINS, Justice.**

A defendant appealed his conviction and sentence following a bench trial on one count of making a false statement on an application to acquire a weapon permit in violation of Iowa Code section 724.17 (2015), a class "D" felony. We transferred the appeal to the court of appeals. The court of appeals found the district court correctly interpreted the statute and substantial evidence supported the conviction. Thus, it affirmed the defendant's conviction and sentence for making a false statement on the application to acquire a weapon permit. The defendant petitioned for further review, which we granted. On further review, we find that the district court misinterpreted the statute. In applying the correct interpretation, we find that section 724.17 does not criminalize the defendant's act of falsely answering an unauthorized question on the application to acquire a weapon permit.

## I. Background Facts and Proceedings.

On January 14, 2015, James Downey submitted an application to acquire a weapon permit to the Johnson County sheriff's department. The purpose of the application was to obtain the state's permission to purchase a handgun as required under Iowa law. *See* Iowa Code § 724.15. On the application, Downey provided his name, birthdate, sex, phone number, residence address, driver's license number, place of birth, and country of citizenship. In addition to providing the identification information, Downey authorized and gave his consent for a sheriff's department or the department of public safety (DPS) to obtain all of the necessary records and background checks to verify that he meets the requirements of the State of Iowa and the United States for the acquisition and possession of a firearm.

Downey then signed and dated the application. The paragraph above his signature states,

> I certify that all information, including supporting documentation, provided in this application is true and correct, and I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.17 if I make what I know to be a false statement of material fact on this application or if I submit what I know to be any materially falsified or forged documentation in connection with this application.

At the end of the first page of the application, below Downey's signature, the application stated, "Answer all questions on reverse side." On the reverse side of the application, a heading provides, "All of the following questions must be answered." Ten questions followed with check boxes to answer either yes or no to each question. There was no space provided for a narrative or explanatory statement in regards to the yes or no answer given in the check box.

The second question on the reverse side of the application asked,

> Have you ever been convicted in any court of a felony, or any other crime involving a firearm or explosives for which the court could have sentenced you to imprisonment for more than one year, even if you received a shorter sentence including probation?

Downey answered "No" by checking the box next to that question. After Downey submitted the application, the Johnson County sheriff's office ran a background check. The background check revealed the state convicted Downey of operating while intoxicated (OWI) third offense, a class "D" felony. The sheriff denied his application on January 19.

Thereafter, Captain Wagner of the sheriff's office began an investigation into what the sheriff's department believed to be a false answer to the second question on the application in light of the background check revealing Downey's felony OWI conviction. As a result

of the investigation, the State charged Downey with making a false statement on an application to acquire a weapon permit. After a bench trial, the district court found Downey was guilty of the offense of making a false statement on an application to acquire a weapon permit in violation of section 724.17. The district court sentenced Downey to five years in the custody of the department of corrections, suspended the sentence, and placed him on two years of probation.

Downey appealed. We transferred the appeal to the court of appeals. The court of appeals affirmed Downey's conviction and sentence. Downey asked for further review, which we granted.

**II. Issue.**

Downey raised various issues on appeal. We find that the issue interpreting section 724.17 is dispositive of this appeal.

**III. Scope of Review.**

We review issues of statutory interpretation for correction of errors at law. *State v. Wiederien*, 709 N.W.2d 538, 540 (Iowa 2006).

**IV. Analysis.**

The United States Supreme Court determined the Second Amendment protects the rights of District of Columbia residents to keep and bear arms in a person's home for the purpose of self-defense. *District of Columbia v. Heller*, 554 U.S. 570, 635, 128 S. Ct. 2783, 2821–22 (2008). Two years later, the Court extended this right to all residents to whom the Constitution applied. *McDonald v. City of Chicago*, 561 U.S. 742, 791, 130 S. Ct. 3020, 3050 (2010).

As with all federal constitutional rights, our state constitution can provide greater rights to Iowans. *State v. Ochoa*, 792 N.W.2d 260, 264–68 (Iowa 2010). The framers of the Iowa Constitution chose not to include any language in our constitution concerning the right to bear

arms. However, our legislature has expanded the rights of gun owners in chapter 724 of the Iowa Code beyond the right to keep and bear arms in a person's home for the purpose of self-defense as recognized in *Heller*. *See, e.g.*, Iowa Code § 724.7 (authorizing persons to carry guns outside of their residence); *id.* § 724.15 (authorizing persons to acquire pistols or revolvers).

This case requires us to interpret one of those expanded rights found in section 724.17. Section 724.17 outlines the requirements for an application for an annual permit to acquire a weapon and criminalizes false statements of material fact on the application. It provides,

> The application for an annual permit to acquire pistols or revolvers may be made to the sheriff of the county of the applicant's residence and shall be on a form prescribed and published by the commissioner of public safety. The application *shall require only* the full name of the applicant, the driver's license or nonoperator's identification card number of the applicant, the residence of the applicant, and the date and place of birth of the applicant. The applicant shall also display an identification card that bears a distinguishing number assigned to the cardholder, the full name, date of birth, sex, residence address, and brief description and colored photograph of the cardholder, or other identification as specified by rule of the department of public safety. The sheriff shall conduct a criminal history check concerning each applicant by obtaining criminal history data from the department of public safety which shall include an inquiry of the national instant criminal background check system maintained by the federal bureau of investigation or any successor agency. A person who makes what the person knows to be a false statement of material fact on an application submitted under this section or who submits what the person knows to be any materially falsified or forged documentation in connection with such an application commits a class "D" felony.

*Id.* § 724.17 (emphasis added). The commissioner of the DPS provides the form for an application to acquire a weapon permit to Iowa sheriffs. Iowa Admin. Code r. 661—91.2.[1]

In 2010, the general assembly amended section 724.17 and replaced the word "state" with the phrase "require only." 2010 Iowa Acts ch. 1178, § 13 (codified at Iowa Code § 724.17 (2011)). The relevant portion of the Code now provides, "The application shall require only the full name of the applicant, the driver's license or nonoperator's identification card number of the applicant, the residence of the applicant, and the date and place of birth of the applicant." Iowa Code § 724.17 (2015).

Downey maintains that by using the phrase "shall require only," the legislature intended to prohibit the DPS from requesting additional information beyond the full name of the applicant, the driver's license or nonoperator's identification card number of the applicant, the residence of the applicant, and the date and place of birth of the applicant. The State contends that the phrase "shall require only," sets the floor for what the application must at least include, but does not limit nor forbid the DPS from including more questions on the application.

"Absent a statutory definition or an established meaning in the law, we give words used by the legislature their ordinary and common meaning by considering, among other things, the context in which they are used." *State v. Tarbox*, 739 N.W.2d 850, 853 (Iowa 2007). Considering the ordinary and common meaning of the phrase "shall require only" and the context in which the legislature used it, the phrase

---

[1]The credits of rule 661—91.2 provide, "These rules are intended to implement Iowa Code chapter 724 as amended by 2010 Iowa Acts, Senate File 2357 and Senate File 2379."

is clearly narrower than the phrase "shall state." "Require" is commonly defined as "to demand as necessary or essential" or "impose a compulsion or command on." *Require, Merriam–Webster's Collegiate Dictionary* (10th ed. 2002). "Only" commonly means "solely" or "exclusively," but can also mean "at the very least." *Only, Merriam– Webster's Collegiate Dictionary.*

Additionally, when "only" is used as a modifier, it should be placed as close as possible to the word or words it modifies. Great care must be taken when using the adverb as the placement of the word can affect the entire meaning of a sentence. *Texas Law Review Manual on Usage & Style* 72 (12th ed. 2011). It is a general rule that " '[o]nly' emphasizes the word or phrase that immediately follows it." *The Chicago Manual of Style* 5.182, at 250 (16th ed. 2010).

In the case of *In re N.V.*, the state urged us to construe the transfer sections of the Iowa Indian Child Welfare Act broadly "to provide the court with discretion to deny the parents' demand to transfer jurisdiction to the tribal court because they did not present good cause to excuse their untimely transfer request." 744 N.W.2d 634, 637 (Iowa 2008). The statute at issue provided in relevant part that "the court shall find good cause to deny the petition only if one or more of the" circumstances contained in the statute are shown to exist. *Id.* (quoting Iowa Code § 232B.5(13) (2005)). The statute then "lists the circumstances that constitute good cause to allow a court to deny a request to transfer a case." *Id.*

We found that by using "the word 'only,' the legislature made it clear that only those causes listed in section 232B.5(13) constitute good cause to deny the request for a transfer to a tribal court." *Id.* In other

words, we interpreted the word "only" to put a limit on the court's ability to deny a request to transfer a case to the tribal court. *Id.*

Similarly, in this case, we find that the word "only" in section 724.17 modifies the words that follow it in the statute—the full name of the applicant, the driver's license or nonoperator's identification card number of the applicant, the residence of the applicant, and the date and place of birth of the applicant. *See* Iowa Code § 724.17 (2015). Thus, an applicant is required to provide only that information. Other jurisdictions have interpreted the word "only" in the same limiting fashion in different contexts. *See State ex rel. Fatzer v. Anderson*, 299 P.2d 1078, 1084 (Kan. 1956) (holding "[o]nly" is a word used for restrictive purposes, and means "alone, simply, merely, barely, solely, singly without more exclusiveness"); *Hiner v. Hugh Breeding, Inc.*, 355 P.2d 549, 551 (Okla. 1960) (holding the words "can only" as used in the statute are words of limitation and exclusion); *White Stores, Inc. v. Atkins*, 303 S.W.2d 720, 726 (Tenn. 1957) (per curiam) (holding "[o]nly" is a word of restriction as to that which it qualifies and a word of exclusion as to other things).

This interpretation is also consistent with the legislative scheme of chapter 724. Section 724.10 concerns an application to carry a concealed weapon. It provides in relevant part,

> A person shall not be issued a permit to carry weapons unless the person has completed and signed an application on a form to be prescribed and published by the commissioner of public safety. The application *shall require only* the full name, driver's license or nonoperator's identification card number, residence, place of birth, and date of birth of the applicant, and *shall state whether the applicant meets the criteria specified in sections 724.8 and 724.9.* An applicant may provide the applicant's social security number if the applicant so chooses.

Iowa Code § 724.10(1) (emphasis added).

In section 724.10(1) the legislature authorized the DPS to require additional information on an application to carry a concealed weapon than on an application to acquire a weapon permit under section 724.17. The additional information required under section 724.10(1) include matters concerning alcohol use, prior convictions of serious or aggravated misdemeanors, prior felony convictions, and crimes of domestic violence. *Id.* § 724.8; *see also id.* § 724.26 (incorporated by reference in section 724.8(4)). It is clear from comparing section 724.10(1) with section 724.17, the legislature intended to require different information on an application to carry than on an application to acquire. The second question on the reverse side of the application to acquire regarding a felony conviction is required on the application to carry but not on the application to acquire.

Accordingly, we hold, the legislature did not authorize the questions on the reverse side of the application to acquire a weapon permit nor did it require Downey to answer the question concerning his prior felony conviction. Next, we must determine if Downey can be guilty of violating section 724.17 when he answered the felony question in the negative. We think not.

The Iowa legislature has the power to define a crime. *State v. Fuhrmann*, 261 N.W.2d 475, 479 (Iowa 1978). When the legislature enacted section 724.17, it decided that the only items the DPS could require an applicant to provide on an application to acquire were the full name of the applicant, the driver's license or nonoperator's identification card number of the applicant, the residence of the applicant, and the date and place of birth of the applicant. Iowa Code § 724.17. The legislature criminalized the act of making "what the person knows to be a

false statement of material fact on an application submitted under *this section*." *Id.* (emphasis added). The DPS added a series of questions not authorized by this section. If we were to find a violation of section 724.17 occurs when a person falsely answers a question not authorized by the legislature, we are in fact allowing the executive branch, through the actions of the DPS, to define the crime. For example, under the statutory interpretation urged by the State, the DPS could ask on the application to acquire a weapon permit the color of the applicant's vehicle and if the person answered falsely, the applicant could be convicted of a class "D" felony in violation of section 724.17. We think such result would be absurd. *See In re Det. of Swanson*, 668 N.W.2d 570, 574 (Iowa 2003) ("We read the statute 'as a whole and give it "its plain and obvious meaning, a sensible and logical construction," ' which does not create an 'impractical or absurd result.' " (quoting *Gardin v. Long Beach Mortg. Co.*, 661 N.W.2d 193, 197 (Iowa 2003)). Accordingly, an unauthorized question on the application to acquire a weapon permit cannot be the basis for a criminal conviction.

For these reasons, we find section 724.17 does not criminalize Downey's act of falsely answering an unauthorized question on the application to acquire a weapon permit.

**V. Disposition.**

We vacate the decision of the court of appeals, reverse the judgment of the district court finding Downey guilty of violating section 724.17 of the Iowa Code, and remand the case back to the district court to vacate its judgment and dismiss the case.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**