2023 IL App (1st) 211632-U

No. 1-21-1632

Order filed May 17, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | Nos. YH102251 |
| v. | ) | YH102252 |
| | ) | YH102253 |
| | ) | YH102254 |
| | ) | |
| MARCELLAS COLEMAN, | ) | Honorable |
| | ) | Kevin O'Donnell, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice McBride and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's two convictions for leaving the scene of an accident resulting in damage to an attended vehicle are reversed where the State did not prove beyond a reasonable doubt that he caused damage to one vehicle or that the other vehicle was attended.

¶ 2    Following a bench trial, the trial court found defendant Marcellas Coleman guilty of one count of driving while under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West

2020)), one count of driving on a suspended or revoked license (625 ILCS 5/6-303 (West 2020)), and two counts of leaving the scene of an accident resulting in damage to an attended vehicle (625 ILCS 5/11-402(a) (West 2020)). The trial court sentenced defendant to four concurrent terms of 300 days in jail. On appeal, defendant contends that his convictions for leaving the scene of an accident resulting in damage to an attended vehicle must be reversed because the State failed to prove beyond a reasonable doubt that he caused damage to any other vehicle or that any such vehicle was attended. For the reasons that follow, we reverse the two convictions for leaving the scene of an accident resulting in damage to an attended vehicle.

¶ 3    The State charged defendant with one count of DUI, one count of driving on a suspended or revoked license, and two counts of leaving the scene of an accident resulting in damage to an attended vehicle. The case proceeded to a bench trial where the State presented the testimony of two eyewitnesses and two police officers.

¶ 4    Zachary Schwartz, who was 18 years old at the time of trial, testified that around 11:45 p.m. on August 8, 2020, he was driving to a friend's house in Elk Grove Village when he noticed a vehicle following very close behind him. The driver of the vehicle rammed his vehicle into Schwartz's and followed Schwartz for a couple of blocks. When Schwartz arrived at his destination, he called his friends inside the house and asked them to come outside because he had been followed. When his friends emerged from the house, Schwartz exited his vehicle. The "person behind" Schwartz, whom Schwartz identified in court as defendant, stepped out of his vehicle as well.

¶ 5    Schwartz testified that as he started walking away, defendant followed him on foot. Defendant, who was talking on a phone, said, "I have him right here," but "then the rest was a slur

as he went around his vehicle and fell into a tree." Eventually, defendant re-entered his vehicle. Schwartz and others approached him and asked him general questions, but defendant refused to answer and mumbled. Schwartz testified that defendant got into his car, backed up into another car 3 times and then was finally able to get around the car but hit "his buddy's car's side mirror". Defendant then drove off. He did not stop when he hit the second car and did not return. He further testified that neither of the vehicles that defendant hit sustained any damage. Schwartz and others called the police, told them what happened, and gave them a description of defendant and his vehicle.

¶ 6    On cross-examination, Schwartz clarified that defendant did not hit his vehicle while they were both driving. Rather, defendant hit the bumper of Schwartz's car after they both had parked. He also explained that the group who emerged from the house was comprised of two of his friends, their two parents, and two more adults. When asked whether "there was no sustained damage" to the side mirror of his friend's truck, Schwartz answered, "No, ma'am."

¶ 7    Kevin McAloon testified that on the night in question, he was visiting his sister in Elk Grove Village when "the kids came storming in the house in a panic and said that a guy had followed them home and he had hit their car." McAloon and others ran outside, where McAloon saw defendant, whom he identified in court, sitting in the driver's seat of a vehicle stopped in the middle of the road. McAloon described defendant as "a little disheveled" and said he was "in a panic" and not "acting normal." McAloon approached defendant; his wife took a photograph of McAloon standing "directly next to" defendant's vehicle while defendant was in the driver's seat. McAloon estimated that the other people outside were "anywhere from 6 to 20 feet" from where

he was located next to defendant's window. He later clarified that there were 10 to 15 people outside, scattered "anywhere from 5 feet up to 20 feet up to the house on the front porch."

¶ 8    McAloon asked defendant what was going on, defendant asked if there was a problem, and McAloon answered, "[Y]es, if you're following people home as well as hitting cars." At that point, defendant put his car in gear and "took off down the block hitting a vehicle on his way down the block." Defendant did not stop or come back after hitting that vehicle. McAloon did testify that there was damage to the parked vehicle, but he did not identify what type of vehicle, what type of damage or who owned the vehicle.

¶ 9    Elk Grove Village police officer Mark Johnson testified that he was dispatched to the scene due to "a traffic crash." He spoke with several "subjects" who described an incident in which someone "struck two of the vehicles parked in front of their house" and fled the scene. They gave a description of the vehicle and its driver. Johnson relayed the description of the vehicle to other officers, who located it several blocks away. When asked if he noticed any damage on the vehicles, he stated, "I believe one of the vehicles was struck in the rear and then also I think on the side of the vehicle when the vehicle drove away." He further testified that the damage was a scuff mark on one vehicle and the other had no damage.

¶ 10    Elk Grove Village police officer Palmese testified to pulling defendant over several blocks from the reported incident, based on the description relayed by dispatch.[1] Palmese noted that defendant's vehicle "had front end damage." Defendant's speech was slurred and his eyes were red, bloodshot, and glassy. In addition, his breath had a strong odor of alcoholic beverage and, when he exited his vehicle, his footing was unsure and he stumbled. Defendant refused to take

---

[1]Officer Palmese's first name does not appear in the record.

field sobriety tests or submit to a breathalyzer. He provided his driver's license, which Palmese determined through dispatch was revoked. Palmese subsequently arrested defendant. A certified abstract of defendant's driving record and video footage of the traffic stop captured by a camera in Palmese's squad car were entered into evidence.

¶ 11    Defendant made a motion for a directed finding, which the trial court denied without comment. Defendant did not testify or present any evidence.

¶ 12    Following closing arguments, the trial court found defendant guilty on all counts, finding the evidence overwhelming. Defendant filed a motion for a new trial arguing, among other things, that the State failed to prove him guilty beyond a reasonable doubt. Following a hearing, the trial court denied the motion. Noting that defendant had three prior convictions for DUI, the trial court sentenced him to four concurrent terms of 300 days in the Cook County Department of Corrections. Defendant filed a timely notice of appeal.

¶ 13    On appeal, defendant solely challenges the sufficiency of the evidence to support his two convictions for leaving the scene of an accident resulting in damage to an attended vehicle.

¶ 14    When reviewing the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). The credibility of the witnesses, the weight to be given their testimony, and the resolution of any conflicts in the evidence are within the province of the trier of fact, and a reviewing court will not substitute its judgment for that of the trier of fact on these matters. *People v. Brooks*, 187 Ill. 2d 91, 131 (1999). The testimony of a single witness, if positive and credible, is sufficient to convict. *People v. Smith*, 185 Ill. 2d 532, 541 (1999). A reviewing

court will not retry the defendant and must draw all reasonable inferences in favor of the prosecution. *People v. Harris*, 2018 IL 121932, ¶ 26.

¶ 15    Circumstantial evidence is sufficient to sustain a conviction, so long as it satisfies the fact finder beyond a reasonable doubt of the elements of the crime charged. *People v. Hall*, 194 Ill. 2d 305, 330 (2000). The trier of fact need not be satisfied beyond a reasonable doubt as to each link in the chain of circumstances; rather, "[i]t is sufficient if all of the evidence taken together satisfies the trier of fact beyond a reasonable doubt of the defendant's guilt." *Id.* Reversal is justified where the evidence is "so unsatisfactory, improbable or implausible" that it raises a reasonable doubt as to the defendant's guilt (*People v. Slim*, 127 Ill. 2d 302, 307 (1989)) or where proof of an element is wholly lacking (*People v. Robinson*, 2013 IL App (2d) 120087, ¶ 11).

¶ 16    To prove defendant guilty of leaving the scene of an accident resulting in damage to an attended vehicle, the State was required to show that he failed to comply with section 11-402(a) of the Illinois Vehicle Code (Code), which provides, in relevant part, as follows:

> "(a) The driver of any vehicle involved in a motor vehicle accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such motor vehicle accident or as close thereto as possible, but shall forthwith return to and in every event shall remain at the scene of such motor vehicle accident until the requirements of Section 11-403 [titled 'Duty to give information and render aid'] have been fulfilled." 625 ILCS 5/11-402(a) (West 2020).

¶ 17    Defendant contends that the State failed to prove two elements of both counts of the charged offense: (1) that he caused damage to any other vehicles, and (2) that any other such vehicles were attended. We address these elements in turn.

¶ 18    Regarding damage resulting from an accident, defendant notes that the entirety of the State's evidence on this element was provided via the testimony of three witnesses: Schwartz, McAloon, and Officer Johnson. He notes that Schwartz stated no damage was done to either of the two vehicles he saw defendant hit, which were Schwartz's vehicle and his friend's truck. McAloon stated there was "damage to the vehicle that was, that was parked," but did not identify what the damage was, where on the vehicle it was located, whether the damage was present prior to the incident, or which parked vehicle sustained damage. Johnson testified that he saw a "scuff mark" on an unspecified parked vehicle but did not know when that mark had been made. Observing that the State presented no photographs of damage, invoices for repairs, or testimony from an owner or driver of a vehicle claiming that damage was done to his car, defendant asserts that the testimonial evidence failed to prove he caused damage to two vehicles to sustain his two convictions. He maintains that the State cannot meet its burden of proof on an essential element of an offense using vague or conclusory statements or evidence and cannot rely on a speculative inference based on vague testimony.

¶ 19    The State counters that the evidence at trial was sufficient to prove that both Schwartz's vehicle and Schwartz's friend's truck were damaged. Regarding Schwartz's vehicle, the State argues that given Schwartz's testimony that defendant struck his rear bumper twice and the absence of evidence that any other vehicle was struck in the rear, "Johnson's testimony that he observed minor damage to the rear of one of the vehicles surely referred to Schwartz's car." The State asserts, "At a minimum, the inference that Johnson's testimony referred to Schwartz's car was reasonable, and therefore must be drawn on sufficiency review." The State further argues that Schwartz's testimony that he was unaware of any damage to his vehicle is irrelevant, as the

testimony of a single witness, namely, Johnson, is sufficient to prove that Schwartz's vehicle was damaged.

¶ 20    Regarding Schwartz's friend's truck, the State highlights McAloon's testimony that defendant hit a vehicle on his way "down the block," after which McAloon observed damage to the vehicle "that was parked." The State argues, "Because it is clear from context that McAloon witnessed only the second crash into the side mirror of Schwartz's friend's truck—not the earlier crashes into Schwartz's rear bumper—McAloon's testimony that he observed 'damage' to a 'parked' vehicle [record citation] could only have referred to the truck."

¶ 21    As with Schwartz's vehicle, the State argues, "At a minimum, the inference that McAloon's testimony regarding damage referred to the truck was a reasonable one, and thus 'must' be drawn on sufficiency review." The State concludes that given that mandatory inference, McAloon's testimony that he observed damage to the vehicle "that was parked" was sufficient to prove that Schwartz's friend's truck was damaged. Finally, the State argues that Johnson's testimony that he saw damage "on the—the vehicles that were parked on the roadway" referenced both Schwartz's vehicle and his friend's truck and, therefore, was sufficient to prove that the truck was damaged. The State asserts that Johnson's testimony on cross-examination that only one vehicle sustained damage is irrelevant, as the "light-most-favorable standard" requires a reviewing court to construe the evidence in a way that supports the prosecution's case.

¶ 22    After reviewing the evidence admitted at trial in the light most favorable to the State, as we must, we conclude it was sufficient to establish that defendant hit and damaged one parked vehicle. At trial, McAloon testified that he saw defendant hit a vehicle as he drove off down the block. "[A]fter the vehicle was hit," McAloon noticed damage to the vehicle "that was parked,"

but not to the vehicle that was driving away. Where McAloon's testimony was positive and credible, a rational trier of fact could reasonably conclude from his testimony alone that defendant caused damage to a vehicle. See *Smith*, 185 Ill. 2d at 541. On the other hand, we find that the evidence was insufficient to prove that defendant damaged Schwartz's vehicle. Schwartz specifically testified that although defendant hit his vehicle, it sustained no damage. McAloon did not speak to whether there was any damage to Schwartz's vehicle. And, contrary to the State's assertion, Johnson did not testify "that he observed minor damage to the rear of one of the vehicles." Johnson's testimony, read as a whole, reveals that he was told two parked vehicles were struck, one "in the rear" and the other "on the side." He then observed damage in the form of a "scuff mark" on only one of the parked vehicles. He did not specify which parked vehicle was scuffed or where the scuff was located.

¶ 23     While all reasonable inferences must be drawn in the favor of the State (*Harris*, 2018 IL 121932, ¶ 26), a reviewing court may not allow unreasonable inferences (*People v. Cunningham*, 212 Ill. 2d 274, 280 (2004)). Given McAloon's testimony that defendant damaged a vehicle that was parked down the block, it is reasonable to infer that the damage Johnson observed was to that vehicle. However, in light of Schwartz's unequivocal testimony that defendant did not damage his vehicle, it would be unreasonable to infer from Johnson's testimony that defendant damaged Schwartz's vehicle as well. We cannot find that the State presented sufficient evidence to prove defendant caused damage to Schwartz's vehicle. Because proof of an essential element of the offense is lacking, we must reverse one of defendant's convictions for leaving the scene of an accident resulting in damage to an attended vehicle—that is, Schwartz's vehicle—and vacate the corresponding sentence. See *People v. Murdock*, 321 Ill. App. 3d 175, 177 (2001).

¶ 24    Having determined that a rational trier of fact could reasonably conclude that defendant caused damage to one vehicle, we turn to the issue of whether the evidence supports a conclusion that the vehicle was "attended." Defendant argues that the State presented no evidence suggesting that any of the people present at the scene were anything more than bystanders with relation to any vehicle that was damaged. Finding no Illinois cases discussing the "attended" element, defendant relies on a case decided by the Iowa Supreme Court, *State v. Tarbox*, 739 N.W.2d 850 (Iowa 2007), in support of his position.

¶ 25    In *Tarbox*, the defendant drove into a cement wall, causing damage solely to his own vehicle, and fled the scene on foot. *Id.* at 852. Relevant here, he was charged with leaving the scene of an accident resulting in "damage to a vehicle which is driven or attended by a person" without providing his name, address, and other information "to the person struck, the driver or occupant of, or the person attending the vehicle involved in the accident." *Id.* at 852-53 (quoting Iowa Code § 321.263(1)). The State argued that responding police officers and eyewitnesses to the defendant's crash should be considered persons "attending the vehicle." *Id.* at 854-55. The Iowa Supreme Court disagreed.

¶ 26    The *Tarbox* court held that, as used in the statute at issue, the word "attending" meant "to be present with." *Id.* at 854. The court noted that a separate statute set forth the duty of a driver who collided with an *unattended* vehicle, which was to locate the owner or operator of the vehicle or leave a written note in a conspicuous place on the struck vehicle. *Id.* (citing Iowa Code § 321.264). The court held, "The dichotomy the legislature sets out between attended vehicles in section 321.263 and unattended vehicles in section 321.264 confirms that 'attending' refers to someone who is present with the vehicle rather than one who comes upon the vehicle after the

fact." *Id.* As such, the *Tarbox* court found that the responding officers and eyewitnesses were not attending the defendant's vehicle within the meaning of the statute defining the offense. *Id.*

¶ 27 Defendant argues that, like the Iowa statute, nothing in section 11-402(a) indicates that "mere bystanders or witnesses" should be considered to be "attending" a vehicle in which they have no direct interest. 625 ILCS 5/11-402(a) (West 2020). He notes that the Illinois legislature has set out the same dichotomy between "attended" and "unattended" vehicles as exists in Iowa. Compare 625 ILCS 5/11-402(a) (West 2020) (setting forth duties of drivers who damage an attended vehicle) with 625 ILCS 5/11-404(a) (West 2020) (setting forth duties of drivers who damage an unattended vehicle). As such, he asserts that the same conclusion, *i.e.*, that bystanders are not "attending" a vehicle, should follow.

¶ 28 The State speculates that the damaged vehicle was Schwartz's friend's truck and asserts that it was attended by (1) Schwartz, who was a friend of the truck's owner and a guest at the house outside of which the truck was parked; (2) McAloon, who was a guest at the house, was related to one of its occupants, and approached defendant and questioned him about hitting cars; (3) McAloon's wife, who took the photograph of McAloon talking to defendant; and (4) other people who emerged from the house to investigate the incident and question defendant. The State maintains that Schwartz and McAloon, in particular, cannot be considered "bystanders" as to the truck because Schwartz was a friend of the truck's owner and McAloon approached defendant and confronted him about hitting cars. Further, the State argues that the record "strongly suggests" the truck's owner was present at the house and was among those who came outside. The State concludes, "At a minimum, the inference that the truck was attended by one or more persons was a reasonable one, and therefore it must be drawn here." However, the State did not introduce the

name of Schwartz's friend who supposedly owned the truck, nor did it present evidence that the truck was associated with the residential address at which this incident took place.

¶ 29    Finally, the State asserts that *Tarbox* does not suggest a contrary result. The State argues that *Tarbox* is inapposite here because unlike the State in that case, it is not claiming that bystanders were attending defendant's own vehicle. Moreover, the State argues that *Tarbox*'s holding that the term "attending" refers to someone who is present with the vehicle, rather than someone who comes upon the vehicle after the fact, is consistent with its position that the vehicle defendant struck was attended by persons who were present at the scene during the crash.

¶ 30    After reviewing the record in the light most favorable to the State, we cannot find that the State proved the damaged vehicle was "attended." As an initial matter, it is not clear from the record that the damaged vehicle was Schwartz's friend's truck. Schwartz testified that, as defendant drove off, he hit the parked truck. Although McAloon testified that defendant caused damage to a parked vehicle as he drove off, he did not identify the damaged vehicle with any particularity. While his testimony was sufficient to establish that defendant caused damage to a parked vehicle, nothing in the record ties the parked vehicle McAloon saw defendant hit to that specific truck.

¶ 31    Regardless, even accepting, *arguendo*, that the parked vehicle McAloon saw defendant damage was Schwartz's friend's truck, we nevertheless find that the evidence at trial was insufficient to establish that the truck was "attended" as contemplated by section 11-402(a). We agree with the *Tarbox* court's conclusion that a person who is attending a vehicle is someone who is "present with" the vehicle. *Tarbox*, 739 N.W.2d at 854. Here, the record does not support a conclusion that anyone was "present with" the damaged vehicle.

¶ 32     Schwartz testified that, during the incident, a group of people emerged from the house. He described these people as two of his friends, their two parents, and two more adults, but he did not identify any of these people as being the owner or driver of the truck. Similarly, although McAloon testified there were 10 to 15 people outside, he did not identify any of these people other than his wife. More important, neither Schwartz nor McAloon placed any person "down the block," inside or beside the parked vehicle that defendant hit and damaged. In fact, McAloon placed everyone who was outside in an area between the house and the spot where he confronted defendant, with some of them on the front porch. All the people referenced by Schwartz and McAloon were present at the scene, but we cannot agree that they were present with the damaged vehicle. The record contains no evidence that the damaged vehicle was "attended."

¶ 33     We decline to draw an inference in its favor that the damaged vehicle was attended by one or more persons. "[A] reviewing court's obligation to view the evidence in the light most favorable to the prosecution does not mean that the reviewing court construes the record to contain evidence that the State failed to produce." *People v. Carter*, 2021 IL 125954, ¶ 42. Here, the State failed to produce evidence that the vehicle defendant damaged was "attended" within the meaning of section 11-402(a). Because proof of an essential element of the offense is lacking, we must reverse defendant's remaining conviction for leaving the scene of an accident resulting in damage to an attended vehicle and vacate the corresponding sentence. See *Murdock*, 321 Ill. App. 3d at 177.

¶ 34     For the reasons explained above, we reverse defendant's convictions for leaving the scene of an accident resulting in damage to an attended vehicle and vacate his corresponding sentences. All other convictions and sentences are affirmed.

¶ 35     Reversed.