2019 IL App (2d) 190600-U
No. 2-19-0600
Order filed November 5, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* A.L., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| | ) | |
| | ) | No. 15-JA-141 |
| | ) | |
| (The People of the State of Illinois, Petitioner-Appellee v. Amanda L., Respondent-Appellant). | ) | Honorable |
| | ) | Francis M. Martinez, |
| | ) | Judge, Presiding. |

| | | |
|---|---|---|
| *In re* D.L., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| | ) | |
| | ) | No. 15-JA-142 |
| | ) | |
| (The People of the State of Illinois, Petitioner-Appellee v. Amanda L., Respondent-Appellant). | ) | Honorable |
| | ) | Francis M. Martinez, |
| | ) | Judge, Presiding. |

| | | |
|---|---|---|
| *In re* E.L., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| | ) | |
| | ) | No. 15-JA-144 |
| | ) | |
| (The People of the State of Illinois, Petitioner-Appellee v. Amanda L., Respondent-Appellant). | ) | Honorable |
| | ) | Francis M. Martinez, |
| | ) | Judge, Presiding. |

| *In re* C.L., a Minor | ) | Appeal from the Circuit Court |
|---|---|---|
| | ) | of Winnebago County. |
| | ) | |
| | ) | No. 15-JA-145 |
| | ) | |
| (The People of the State of Illinois, Petitioner- | ) | Honorable |
| Appellee v. Amanda L., Respondent- | ) | Francis M. Martinez, |
| Appellant). | ) | Judge, Presiding. |

| *In re* S.L., a Minor | ) | Appeal from the Circuit Court |
|---|---|---|
| | ) | of Winnebago County. |
| | ) | |
| | ) | No. 15-JA-146 |
| | ) | |
| (The People of the State of Illinois, Petitioner- | ) | Honorable |
| Appellee v. Amanda L., Respondent- | ) | Francis M. Martinez, |
| Appellant). | ) | Judge, Presiding. |

| *In re* J.L., a Minor | ) | Appeal from the Circuit Court |
|---|---|---|
| | ) | of Winnebago County. |
| | ) | |
| | ) | No. 15-JA-147 |
| | ) | |
| (The People of the State of Illinois, Petitioner- | ) | Honorable |
| Appellee v. Amanda L., Respondent- | ) | Francis M. Martinez, |
| Appellant). | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appeal was dismissed in part, and the judgments terminating respondent's parental rights were affirmed, where (1) we lacked jurisdiction to review the alleged errors that occurred in connection with the adjudicatory and dispositional proceedings and (2) the trial court did not exceed its statutory authority in connection with the unfitness proceedings.

¶ 2    Respondent, Amanda L.,[1] appeals orders entered in the circuit court of Winnebago County

---

[1] On the cover of her appellant's brief, respondent identifies the minors by their first names

terminating her parental rights to six of her children: A.L., D.L., E.L., C.L., S.L. and J.L. For the reasons that follow, we dismiss for lack of jurisdiction the portion of the appeal pertaining to the adjudicatory and dispositional proceedings, and we affirm the judgments terminating respondent's parental rights.

¶ 3                                        I. BACKGROUND

¶ 4     Respondent does not challenge the sufficiency of the evidence sustaining the termination orders. We thus limit our recitation of the facts to what is necessary to understand the narrow issues involved in this appeal.

¶ 5     All of the minors are "Indian children" within the meaning of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 *et seq.* (2012)). The ICWA establishes minimum federal standards that must be met before an Indian child is removed from his or her family through state court proceedings. *In re C.N.*, 196 Ill. 2d 181, 203 (2001). One requirement is that

> "No foster care placement may be ordered in such proceeding in the absence of a
> determination, supported by clear and convincing evidence, including testimony of
> qualified expert witnesses, that the continued custody of the child by the parent or Indian
> custodian is likely to result in serious emotional or physical damage to the child." 25

---

and the first initial of their last name. Respondent identifies herself, however, by her full name. This practice is in compliance with Supreme Court Rule 660(c) (eff. Oct. 1, 2001). Accordingly, we decline the State's request to strike any portion of the documents that respondent filed with this court. Nevertheless, we are sensitive to the State's concerns about the privacy of the minors. Many of the minors have distinct first names, so we will refer to them by their initials, as allowed by Rule 660(c). We will refer to respondent by her first name and the first initial of her last name.

U.S.C. § 1912(e) (2012).

If the matter proceeds to a petition to terminate parental rights, the ICWA indicates that

"No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." 25 U.S.C. § 1912(f) (2012).

¶ 6    In April 2015, the State filed petitions alleging that A.L., D.L., E.L. and J.L. were neglected minors; the State alleged that C.L. and S.L. were abused and neglected minors. In August 2015, the State disclosed Edie Adams as its ICWA expert.

¶ 7    On October 1, 2015, the parties presented the court with an agreement regarding both adjudication and disposition. Respondent stipulated to findings of neglect pursuant to one count of each petition. She agreed that the Department of Children and Family Services (DCFS) would be appointed as the children's guardian and would have discretion as to their placements. In light of this agreement, the State did not present testimony from its ICWA expert. The prosecutor represented, however, that the factual bases for the parties' agreement were reflected in "the original statement of facts" as well as a "full written court report" submitted that day. The court accepted the parties' agreement and made several findings that were required by the ICWA but which are irrelevant to this appeal. The court informed respondent that she could appeal the dispositional order within 30 days. Respondent did not file a notice of appeal within 30 days.

¶ 8    In February 2017, the State filed petitions to terminate respondent's parental rights. During a status hearing in August 2017, respondent's counsel (a different attorney than the one who represented her during the adjudicatory and dispositional processes) argued that there had been an

error of law during the adjudication, as the State never submitted an offer of proof from its expert. The court ruled that respondent waived that issue because "[t]here was no objection at the time nor within 30 days of that adjudication."

¶ 9    The evidence at the unfitness hearing showed that DCFS became involved with respondent's family after she physically assaulted one of her children.   Respondent participated in certain required services and generally attended supervised visits with some of her children until July 2016, when she was incarcerated on charges involving the sexual abuse of one of her children (the same child she physically assaulted).   Respondent ultimately pleaded guilty to permitting the sexual abuse of a child (720 ILCS 5/11-9.1A(a) (West 2016)).   She was sentenced to four years in the Department of Corrections.

¶ 10    During the unfitness hearing, the State also presented expert testimony from Adams to satisfy the requirements of the ICWA.   Adams explained that she reviewed the documentation that was provided to her and then formed certain opinions.   Among those opinions was that, if the children were returned to respondent, they would be subject to emotional and physical damage because respondent had not resolved her own issues and probably was not going to be able to parent the children.   Adams indicated that respondent's tribe had looked into the possibility of finding placements for the children in Montana, where the tribe was located.

¶ 11    The court found respondent to be an unfit parent on all counts of the State's petition.   The court also determined that the requirements of the ICWA were satisfied.

¶ 12    The court held a best-interest hearing and found that it was in the children's best interests to terminate respondent's parental rights.   Respondent timely appealed the termination order.

¶ 13                                                II. ANALYSIS

¶ 14    Respondent first argues that she received ineffective assistance of counsel in connection with the October 1, 2015, adjudicatory and dispositional proceedings.  According to respondent, even though the adjudicatory and dispositional orders were entered pursuant to the agreement of the parties, the ICWA and its accompanying regulations required the court to receive expert testimony before adjudicating the minors neglected.  Respondent asserts that her trial counsel had a responsibility to "identify this omission for the Court."  Additionally, relying on *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000), respondent contends that her counsel had a " 'constitutionally imposed duty' " to file a notice of appeal on her behalf from the October 1, 2015, order. Respondent asks us with respect to this issue to reverse the judgments and to remand the matters to allow her to "file a notice of appeal challenging the deficient adjudicatory/dispositional proceedings."

¶ 15    The State responds that we lack jurisdiction to review respondent's arguments on these points for two reasons: (1) respondent failed to file a timely notice of appeal from the dispositional order and (2) she failed to designate the adjudicatory and dispositional orders in her notice of appeal that she filed on July 9, 2019.  Alternatively, the State argues that respondent's claims of ineffective assistance fail on the merits.

¶ 16    We lack jurisdiction over respondent's arguments pertaining to the alleged errors in the adjudicatory and dispositional processes.  The time to complain of such errors has long since passed, as respondent failed to file a notice of appeal within 30 days of October 1, 2015.  See *In re Leona W.*, 228 Ill. 2d 439, 455-57 (2008) (in an appeal from a judgment terminating parental rights, the appellate court lacked jurisdiction to consider alleged errors in the adjudicatory and dispositional processes); accord *In re M.J.*, 314 Ill. App. 3d 649, 654-55 (2000).  Even where a respondent alleges that she received ineffective assistance of counsel during the adjudicatory phase

of the proceedings, the appellate court lacks jurisdiction to entertain such arguments on an appeal from the termination order. See *In re J.J.*, 316 Ill. App. 3d 817, 825-26 (2000) (in an appeal from a judgment terminating parental rights, the court lacked jurisdiction to consider the respondent's arguments that her counsel was ineffective for failing to insist that the trial court follow proper procedures at the adjudicatory hearing and at the permanency review hearings).

¶ 17    In an attempt to overcome this jurisdictional impediment, respondent suggests that the Supreme Court's decision in *Flores-Ortega* allows us to consider at this juncture whether her trial counsel rendered ineffective assistance in 2015 by forgoing an appeal. *Flores-Ortega* addressed the obligations of attorneys to consult with their clients about pursuing direct appeals from criminal convictions. We were unable to find any Illinois case applying *Flores-Ortega* in the termination-of-parental-rights context.

¶ 18    Assuming, without deciding, that *Flores-Ortega* addresses our preliminary concern about timeliness, respondent faces a second jurisdictional impediment: she did not identify the October 1, 2015, order in the notice of appeal that she filed on July 9, 2019. "A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal," along with any orders that constituted steps in the procedural progression toward such judgments. *In re Marriage of Micheli*, 2014 IL App (2d) 121245, ¶¶ 55, 59. Adjudicatory and dispositional orders are not within the procedural progression of orders terminating parental rights. See *M.J.*, 314 Ill. App. 3d at 655 (where a notice of appeal from a termination order failed to mention either the dispositional order or the neglect proceedings, this posed an additional jurisdictional barrier to considering the respondent's arguments about alleged errors during those proceedings); accord *J.J.*, 316 Ill. App. 3d at 826. Furthermore, to the extent that respondent wished to amend her notice of appeal, she failed to timely comply with the

procedures outlined in Supreme Court Rules 303(b)(5) and 303(d) (eff. July 1, 2017). For these reasons, we lack jurisdiction over respondent's challenge to the adjudicatory and dispositional orders, including her contentions that her counsel rendered ineffective assistance during those proceedings. We dismiss this portion of the appeal.

¶ 19 For her second issue, respondent argues that the court exceeded its statutory authority in connection with the unfitness phase of the termination proceedings. Respondent acknowledges that the ICWA required the State to prove—beyond a reasonable doubt and with the support of expert testimony—that her continued custody of the minors was "likely to result in serious emotional or physical damage" to them. 25 U.S.C. 1912(f) (2012). Although the ICWA does not specify whether the State must present such evidence at the unfitness portion of the proceedings or during the best-interest hearing, according to respondent, such evidence "belongs" in the best-interest phase. Respondent thus submits that it was error for the court to allow the State to introduce such evidence through its expert, Adams, during the unfitness hearing. Respondent further argues that the court improperly relied on Adams' testimony when it found respondent to be an unfit parent.

¶ 20 The State proposes that respondent forfeited this issue by failing to raise it in the trial court. The State further contends that respondent forfeited any plain-error argument that might have been available to her to secure review of this issue. Alternatively, the State maintains that the court did not commit plain error. According to the State, the court relied on Adams' testimony for purposes of satisfying the requirements of the ICWA, not to find respondent unfit under the particular grounds alleged in the termination petitions.

¶ 21 Respondent forfeited this issue by failing to raise it below. See *In re Tamera W.*, 2012 IL App (2d) 111131, ¶ 29. Termination of parental rights affects fundamental liberty interests, so we

may, in appropriate cases, "relax the forfeiture rule to address a plain error affecting the fundamental fairness of a proceeding, maintain a uniform body of precedent, and reach a just result." *Tamera W.*, 2012 IL App (2d) 111131, ¶ 30. Respondent, however, has forfeited portions of her argument in a second way—by failing to present a cogent analysis supported by legal authority. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (appellant's brief must "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on."); *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 13 (" 'The appellate court is not a depository into which a party may dump the burden of research.' " (quoting *People v. O'Malley*, 356 Ill. App. 3d 1038, 1046 (2005))). Specifically, one of the questions implicated by respondent's argument is whether the testimony and findings contemplated by section 1912(f) of the ICWA may be made during the unfitness portion of the proceedings. Respondent does not cite any cases in this section of her brief addressing the ICWA, nor does she engage in any analysis of the ICWA. She merely proposes, in a conclusory manner and without citing authority, that Adams' testimony "can be fairly described as directed to 'best interest of the children' and belongs to that portion of the termination hearing." We thus decline the opportunity to make any broad pronouncements about how section 1912(f) of the ICWA fits in with Illinois' statutory framework governing termination-of-parental-rights proceedings. Given the importance of the rights involved, however, we will review respondent's contention that the court exceeded its statutory authority in this particular case by considering Adams' testimony as proof of respondent's unfitness.

¶ 22    The State alleged four grounds of unfitness against respondent: (1) failure to maintain a reasonable degree of interest, concern, or responsibility as to the children's welfare (750 ILCS 50/1(D)(b) (West 2016)), (2) failure to protect the children from conditions within their

environment that were injurious to their welfare (750 ILCS 50/1(D)(g) (West 2016)), (3) failure to make reasonable progress (750 ILCS 50/1(D)(m)(ii) (West 2016)), and (4) failure to make reasonable efforts (750 ILCS 50/1(D)(m)(i) (West 2016)). During the unfitness portion of the proceedings, the State introduced evidence showing that respondent battered one of her children, facilitated the sexual abuse of that same child, and failed to complete required services due to her incarceration. That evidence was admitted through exhibits and via the testimony of two police officers and the family's caseworker. Before resting its case, the State then elicited opinions from Adams that related to the requirements of the ICWA. Respondent did not object to Adams' testimony. Respondent testified in her own case-in-chief. The State called the family's case supervisor to rebut portions of respondent's testimony.

¶ 23    In its closing argument during the unfitness portion of the proceedings, the State preliminarily asked the court to make certain findings pursuant to the ICWA. The prosecutor explained her reasoning for requesting such findings during the unfitness portion of the proceedings rather than during the best-interest phase:

> "The ICWA statute does not specifically indicate when the court needs to make those findings. However, the people believe that because the finding has to be made by beyond a reasonable doubt and because findings of unfitness are beyond a reasonable doubt, that it seems that those findings should be made in conjunction with the unfitness finding.
>
> Again, the statute does not specifically say when that finding has to be made, but we are asking for that finding at the unfitness stage because the burden of proof is the same as what the unfitness finding burden is."

One of the findings that the State asked the court to make was that "the conduct or the condition of the parent is likely to result in imminent risk of serious physical or emotional damage to the child if the parent has continued custody." The State separately argued that respondent was an unfit parent under the four grounds alleged in the petitions. The prosecutor did not mention Adams' testimony as part of her argument with respect to respondent's unfitness.

¶ 24    In announcing its decision following the unfitness hearing, the court briefly summarized Adams' testimony. In the court's words, Adams opined that "it would not be in the best interests of the children to be returned to [respondent], and if they were they would be at risk for continued abuse or neglect." The court then found that, during the time periods alleged in the petitions, respondent did not make reasonable efforts or progress, as she (1) "did not progress toward placement," (2) "did not complete necessary services," (3) "did not attain unsupervised visitation," and (4) made only "halfhearted" attempts to obtain assistance from her tribe. The court also found that the State proved that respondent failed to protect the children from an injurious environment. In that respect, the court noted that respondent physically assaulted one of her children and failed to protect that same child from being sexually assaulted. The court did not make any specific comments about count I of the petitions, *i.e.*, the allegations that respondent failed to maintain a reasonable degree of interest, concern, or responsibility as to the children's welfare. However, the court indicated that it found respondent unfit on all counts of the petitions. When the court finished explaining its rulings, the prosecutor asked the court whether it made the requested findings pursuant to the ICWA. The court responded: "Yes. I made that because I cited specifically the expert Miss Adams."

¶ 25    Respondent argues that, by considering Adams' ICWA testimony as proof of respondent's unfitness, the court exceeded its statutory authority. The record shows otherwise. It is clear that

the court and the parties understood that Adams' testimony went toward the findings that were required by the ICWA, not the State's four alleged grounds of unfitness. Moreover, contrary to what respondent seems to suggest, the court terminated respondent's parental rights based solely on the grounds that were alleged in the State's petition. We find no error.

¶ 26                           III. CONCLUSION

¶ 27    For the reasons stated, we dismiss for lack of jurisdiction the portion of the appeal pertaining to the adjudicatory and dispositional proceedings, and we affirm the judgments of the circuit court of Winnebago County terminating respondent's parental rights.

¶ 28    Affirmed in part, appeal dismissed in part.